Nicholas Mastres and Lillian Mastres (Husband and Wife) v. Commissioner.
Mastres v. Commissioner
Docket No. 83554.
United States Tax Court
T.C. Memo 1962-206; 1962 Tax Ct. Memo LEXIS 103; 21 T.C.M. (CCH) 1117; T.C.M. (RIA) 62206; August 28, 1962
*103 Michael Friedman, Esq., 1475 Broadway, New York, N. Y., for the petitioners. Hyman Maron, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The petitioner, Nicholas Mastres, a hotel banquet waiter, filed joint income tax returns with his wife, Lillian Mastres, for the years 1952, 1953, 1954 and 1955 with the district director of internal revenue, Brooklyn, New York. In these returns he estimated the amount of gratuities (tips) he received and reported as tip income for said years the sums of $750, $600, $600 and $800, respectively. Respondent audited said returns and, pursuant to Form 870 (WAIVER OF RESTRICTIONS ON ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX AND ACCEPTANCE OF OVERASSESSMENT) executed by petitioners, respondent assessed the following deficiencies in income tax and interest on said tax: 1952
1953
1954
1955
Income Tax
$487.92
$471.41
$515.69
$468.07
Interest
182.77
148.31
128.72
88.75
Total
$670.69
$619.72
$644.41
$556.82
On June 18, 1959, the petitioners paid the foregoing assessed income tax and interest. The foregoing deficiencies were based on understatement *104 of "tip" income received by petitioner, Nicholas Mastres, while employed as a waiter in the banquet department of the Waldorf-Astoria Hotel, and the omission of interest income received by Nicholas Mastres and Lillian Mastres from savings bank accounts, as follows: 1952
1953
1954
1955
Understatement of "tip" income
$2,197.08
$1,845.65
$2,398.37
$2,136.71
Omission of interest income
203.39
176.66
104.93
135.49
On July 17, 1959, respondent mailed to petitioners a notice of deficiency relating to penalties only (fraud; failure to file declaration of estimated tax; substantial understimation of estimated tax), as follows: Sec.
Sec.
Sec. 294
Sec.
293(b)
6653(b)
(d)(1)(A)
294(d)(2)
IRC
IRC
IRC
IRC
Year
of 1939
of 1954
of 1939
of 1939
1952
$243.96
$ 55.98
$37.32
1953
235.71
44.89
29.92
1954
$257.85
43.88
28.46
1955
234.04
Totals
$479.67
$491.89
$144.75
$95.70
On October 7, 1959 petitioners filed a petition for redetermination of two of the three foregoing penalties, alleging as error the determination of penalties for (1) fraud and (2) substantial understimation of estimated *105 tax. On December 7, 1959 respondent filed his answer to the said petition. He admitted the allegation of error as to the penalty for substantial understimation of estimated tax. On May 23, 1960 the respondent assessed the following penalties (and interest on said penalties) for failure to file declarations of estimated tax: 1952
1953
1954
Penalty
$55.98
$44.89
$43.88
Interest
.56
.45
.44
Total
$56.54
$45.34
$44.32
On July 21, 1960 the petitioners paid the assessed penalties and interest. On June 23, 1961, when this case was called for trial the petitioners' attorney moved to amend the petition to put in issue the amount of tip income and to claim a refund of income tax, penalty and interest previously assessed and paid. Respondent's attorney did not oppose the motion to amend the petition but moved that the case be continued so that he could obtain additional "Gratuities Receipt Record" books which were then in California. The case was continued and the petitioners were granted leave to file an amended petition. Such petition was filed on December 22, 1961. A copy of the amended petition was served on respondent on December 26, 1961. *106 The amended petition includes a claim for refund of income tax, penalty and interest paid by petitioners pursuant to the assessments made by the respondent. Respondent moved to dismiss the amended petition for lack of jurisdiction in that it sought refund of income tax in an action involving a statutory notice of determination of penalty only. This motion was taken under advisement by the Court and without prejudice to respondent he filed his answer to the amended petition. The additions to tax (as adjusted by respondent and set forth in his answer to the amended petition) are as follows: Sec.
Sec. 293(b)
Sec. 6653(b)
294(d)(1)(A)
Year
IRC of 1939
IRC of 1954
IRC of 1939
1952
$142.18
$37.66
1953
174.63
33.88
1954
$178.90
28.48
1955
205.40
The overpayments of income tax and addition to tax (as computed by respondent and set forth in his answer to the amended petition, except as noted below) are as follows: Overpayment
Overpayment
Income Tax
Addition to Tax
Sec. 294(d)(1)(A)
Year
Tax
Interest
IRC of 1939
1952
$182.69 *
$76.26
$18.32
1953
122.15
38.43
11.01
1954
157.90
39.41
15.40
1955
57.28
**
*107 The case went to trial, the evidence being limited to the issue of fraud. Findings of Fact Some of the facts were stipulated and they are found accordingly. During, prior and subsequent to the years in issue, the petitioner Nicholas Mastres was a banquet waiter employed by the Hotel Waldorf-Astoria (hereinafter sometimes referred to as Waldorf) in New York, New York. He was still so employed on February 9, 1962, the date of trial of this case. When the banquet department of the Waldorf presented a bill or check for food and beverages consumed at a function, a service charge (usually 15 percent) was added thereto; and the patron in charge of the function would pay to Waldorf the total amount shown on said bill or check. The service charges so collected by the Waldorf were distributed weekly to the waiters (including petitioner Nicholas Mastres) and other employees entitled to receive shares. Bound books of record known as "Gratuities Receipt Record" were maintained by the banquet department of the hotel. In these *108 books were listed the amounts of service charges to be distributed to each waiter. The manner of distribution was as follows: each waiter would present a slip showing the functions at which he had worked during the week and the captain or secretary of the headwaiters or the party in charge of payments would consult the book and enter on the slip the amount due the waiter, give the slip and cash in the amount shown to the waiter and have him sign the book opposite his name as receipt for the payment. Petitioner Nicholas Mastres reported on his income tax returns for the years 1952, 1953, 1954 and 1955, income from gratuities ("tips") in the respective amounts of $750, $600, $600 and $800. The service charges ("tips") actually received by him during said years were $1,935.22, $1,921.65, $2,231.85 and $2,658.65, respectively. The service charges ("tips") were wages subject to withholding tax, although not treated as such by Waldorf, which did not withhold any income tax on said gratuities during the years in issue. Petitioners Nicholas Mastres and Lillian Mastres omitted from their income tax returns for the years 1952, 1953, 1954 and 1955, interest income in the respective amounts *109 of $203.39, $176.66, $104.93 and $135.49, received from savings bank accounts. All or a part of the deficiencies in tax determined by the respondent (as adjusted in the answer to the amended petition) for the years 1952 through 1955 were due to fraudulent intent by the petitioners to evade tax. Opinion Respondent states on brief that he is now abandoning his motion to dismiss and he concedes the jurisdiction of this Court "to determine an overpayment of income tax (as well as the penalty)" for the years in question. The only remaining issue is as to fraud. We feel respondent has established fraud by the necessary clear and convincing evidence. It is well established that there were consistent, substantial, and unexplained understatements of income during each of the years in question. "The consistent understatement of large amounts of income for a number of years is evidence of willful intent to evade." , certiorari denied ; see also . Under the facts here the omitted tip income was substantial. The record shows Nicholas' tip income and salary income *110 were paid each week (sometimes on the same day) and the tips would average about 90 percent of the wages and at the time of payment he carried away a "total slip" that showed the cash tip payment. He knew he had to report his tip income. This is evidenced by his return of estimated tip income for each year. See . The omissions from income tax returns of approximately 30 percent of tip income each year is entirely unexplained. Petitioners did not see fit to testify and failed to introduce any evidence by way of explanation. We must conclude the omissions were deliberate. . Such evidence showing a pattern of deliberate understatements of tip income and omissions of interest income in each of the years is a clear showing of fraudulent intent on the part of the taxpayers to evade tax. We hold the deficiencies for each of the years involved were due to fraud with intent to evade tax. Decision will be entered under Rule 50. Footnotes
*. Petitioners' reply alleges overpayment is $203.57. ↩
**. Specific amount not alleged in amended petition, but respondent has computed overpayment of $10.86.↩